IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   Civil No.  PWG 12-1078 |
| | * |
| **One 2003 Chevrolet Avalanche** | * |
| **VIN 3GNEK13T03G279386** | * |
| | * |

**REPORT AND RECOMMENDATION**

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Default Judgment and Order of Forfeiture. No opposition has been filed, and for the following reasons, I recommend that the motion be granted.

On April 9, 2012, the United States filed a Verified Complaint against the defendant Property.  The complaint alleges that the Property is a vehicle which constitutes proceeds traceable to the sale or exchange of controlled substances and was used and intended to be used to commit and facilitate the commission of a violation of the Controlled Substances Act.  ECF No. 1 at 1-2.  The motion for default judgment similarly alleges that the vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) and (6) because it is a vehicle used in the transportation, sale, receipt, possession or concealment of a controlled substance and because it constitutes proceeds traceable to the sale or exchange of controlled substances.  ECF No. 8 at 1-2.  It also states that notice of the case was posted pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and that no claim to the Property was filed within the required time periods, and notes that the Clerk entered Default on December 12, 2013.  ECF Nos. 7, 8 at 3.

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability.  *Ryan v. Homecomings Fin. Network*,

253 F.3d 778, 780 (4th Cir. 2001).  Where no claimant has sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that it has a meritorious claim, the standard for default judgment has been satisfied.  *See Fanning v. Hotel Management Advisors-Troy, LLC,* 282 F.R.D. 280, 283 (D. D.C. 2012).

Property is subject to forfeiture by default upon a failure to defend where, as here, the United States alleges that the property meets the standard for forfeiture set out in Section 881. *United States v. $10,409.00 in U. S. Currency*, 585 F. Supp. 2d 10, 11 (D.D.C. 2008).  The United States has pled facts which establish its right to forfeiture of this Property, facts which are verified by counsel for the United States and by the affidavit of DEA Special Agent Christopher Hoffman.  ECF No. 1 at 3-7.  Agent Hoffman affirms that the vehicle was observed being used during a narcotics transaction and, pursuant to a search, was found to contain a hidden compartment as is often used by drug traffickers.  ECF No. 1 at 3-4.  In sum, the complaint and affidavit establish that the vehicle is subject to forfeiture pursuant to Section 881(a)(4) because it was used to transport a controlled substance.

Where the United States has submitted with its motion for default judgment evidence which is sufficient to establish the amount that should be awarded, no hearing is necessary.  Federal Rule of Civil Procedure 55 (b)(2).  Accordingly, the court should execute the Default Judgment and Order of Forfeiture attached to the motion.

Date:  October 8, 2014                                                              /S/                            
                                                      JILLYN K. SCHULZE  
                                                United States Magistrate Judge